**IT IS ORDERED as set forth below:**

**Date: July 17, 2019**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-41548-BEM |
| CARL LYNN MCNEESE AND MELANIE | § | |
| JEAN SWAFFORD, | § | |
| | § | CHAPTER 13 |
| Debtors, | § | |
| | § | |
| VANDERBILT MORTGAGE AND | § | |
| FINANCE, INC., | § | |
| | § | |
| | § | |
| Movant, | § | |
| v. | § | |
| | § | |
| CARL LYNN MCNEESE AND MELANIE | § | |
| JEAN SWAFFORD, | § | |
| | § | |
| Respondents, | § | |
| and | § | |
| | § | |
| MARY IDA TOWNSON, | § | |
| | § | |
| Trustee. | § | |

<u>CONSENT ORDER ON MOTION FOR RELIEF FROM STAY</u>

IT APPEARING that this matter was scheduled for hearing before the Court on July 17,

2019; and

IT APPEARING that VANDERBILT MORTGAGE AND FINANCE, INC., hereinafter referred to as "VANDERBILT", contends that it holds a perfected security interest in that certain 2015 Clayton mobile home, Serial Number CWP027964TNAB, by virtue of a Consumer Loan Note, Security Agreement and Disclosure Statement and Certificate of Title; and

IT APPEARING that CARL LYNN MCNEESE AND MELANIE JEAN SWAFFORD (hereinafter the "Debtors") filed for relief under Chapter 13 of the United States Code on July 3, 2018, and filed a Plan valuing the collateral; and

IT APPEARING that VANDERBILT has filed a Motion to Modify Automatic Stay alleging that the insurance on the collateral had lapsed; and

IT APPEARING that the parties have agreed that as of the date of this hearing, the Debtors are owing $541.00 representing the insurance policy premium paid for by VANDERBILT with a policy period from March 18, 2019 to March 18, 2020; and

IT APPEARING that the Debtors shall pay said $541.00 premium on or before July 17, 2019 and shall maintain and pay for insurance after the current insurance policy lapses; and

IT APPEARING that the Debtors shall pay the $616.00 in fees and costs incurred by VANDERBILT in bringing this motion by making a payment of $102.67 on the 15th day of each month beginning August 15, 2019 through and including January 15, 2020; and

IT APPEARING that the parties have further agreed that TIME IS OF THE ESSENCE of this Consent Order and the Note and should the Debtors default under any terms or obligations set forth in this Consent Order or the Note for the life of the case, upon VANDERBILT forwarding to the Debtors and the Debtors' attorney a written notice of default by regular, first-class U.S. mail, and should the default not be cured within ten (10) days of the date of the notice of default, upon counsel for VANDERBILT submitting to this Court a Motion along with an affidavit setting forth the default of the Debtors, notice of default to the Debtors, and to the Debtors' attorney and the Debtors' failure to cure said default, the Court may enter an order

lifting the automatic stay pursuant to 11 U.S.C. Sect 362 as to the above-referenced collateral, and waiving the provisions of Federal Rule of Bankruptcy Procedure 4001 (a)(3) and granting the continuing authority to contact the Debtors directly to determine intent regarding the property and/or to verify vacancy of the home, without further notice to the Debtors or the Debtors' attorney and without intervention of a hearing; and It is further

IT APPEARING that the parties further agree that the Debtors are not entitled to notice of default more than twice (2) under this Order and that if the Debtors default again after a second (2nd) notice of default, VANDERBILT may file an affidavit of default and proposed Order lifting the stay without sending a third (3rd) notice of default and without further notice to the Debtors, the Debtors' attorney and without intervention of a hearing; and

IT APPEARING that should VANDERBILT take possession of the collateral and dispose of same during the pendency of this bankruptcy, any equity resulting from the disposition shall be paid to the Trustee and should any deficiency exist after such disposition, VANDERBILT shall be entitled to file a proof of claim for said deficiency, subject to objections.

**END OF DOCUMENT**

**PREPARED BY AND CONSENTED TO:**
/s/john a. medina
JOHN A. MEDINA
Georgia State Bar No. 500670
KENNEY & MEDINA, P.C.
593 Main Street
Suwanee, GA 30024
(770) 564-1600
Attorneys for Movant

**CONSENTED TO:**
/s/daniel r. saeger
DANIEL R. SAEGER
Georgia State Bar No. 680628
Rickman & Associates, PC
1755 North Brown Road, Ste. 200
Lawrenceville, GA 30043
Attorney for Debtors

**NO OPPOSITION**:
/s/sonya b. gordon
SONYA B. GORDON FOR MARY IDA TOWNSON
Georgia State Bar No. 140987
191 Peachtree Street, Ste. 2200
Atlanta, GA 30303
Chapter 13 Trustee

In Re:          **CARL LYNN MCNEESE**
                **MELANIE JEAN SWAFFORD**
                **Chapter 13 Case No. 18-41548-BEM**


## IDENTIFICATION OF PARTIES TO BE SERVED


Pursuant to B.L.R. 9013-3(c)(2), the following is a list of the names and addresses of the parties to be served with a copy of the foregoing Order:


DEBTORS:                                CARL LYNN MCNEESE
                                        MELANIE JEAN SWAFFORD
                                        171 Stafford Way
                                        Cohutta, GA 30710


DEBTORS' ATTORNEY:
                                        ROBERT SCOTT RICKMAN
                                        Rickman & Associates, PC
                                        1755 North Brown Road, Ste. 200
                                        Lawrenceville, GA 30043


CHAPTER 13 TRUSTEE:
                                        MARY IDA TOWNSON
                                        191 Peachtree Street, NE, Ste. 2200
                                        Atlanta, GA 30303


MOVANT'S ATTORNEY:
                                        JOHN A. MEDINA
                                        KENNEY & MEDINA, P.C.
                                        593 Main Street
                                        Suwanee, GA 30024